UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:99-cr-0083-11 (B/F) |
| | ) | |
| MARLON L. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on October 15, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on October 7, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held October 22, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.* Mr. Jackson appeared in person and with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The government appeared by Barry Glickman, Assistant United States Attorney. Ms. Chris Dougherty, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, Office of Indiana Federal Defender, was appointed to represent Mr. Jackson in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Jackson and his counsel who informed the Court that they had read and understood the specification of violation and waived further reading thereof.

3. Mr. Jackson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Jackson was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Jackson was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Jackson was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Jackson had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on October 15, 2010.

7. Mr. Dazey stated that Mr. Jackson desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Jackson then waived the preliminary hearing in writing and was held to answer.

8. Mr. Dazey stated that Mr. Jackson would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition.

9. Mr. Jackson, by counsel, stipulated that he committed the violations of specifications in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on October 7, 2010, as follows:

(1) That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Jackson's supervised release in open Court that date.

10. Mr. Jackson, by counsel, stipulated that he committed the violations of specifications in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | On December 16, 2009, the offender was caught and detained by store security for stealing four video games valued at approximately $80 from the Fry's Electronics store in Fishers, Indiana. A charging information was filed on March 4, 2010, Hamilton County Superior Court 4, under cause number 29D04-1003-CM-001058, charging the offender with Conversion, A-misdemeanor. A summons was issued on the same date. The offender appeared for an initial hearing on April 13, 2010. He entered a plea of guilty on September 17, 2010, and was convicted. On September 22, 2010, he was sentenced to 365 days, with 355 days suspended, and 355 days probation. He was ordered to arrange to serve his jail sentence with the probation office within 60 days of sentencing. |
| 2 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | Regular record checks conducted by the U. S. Probation Office did not reveal the Hamilton County charge, as the offender was issued a summons and not arrested. This officer was first notified of the case through a Federal Bureau of Investigation Criminal Flash Notice on September 27, 2010, after the offender was sentenced in Hamilton |

County. The offender never advised this officer of this case throughout the seven months of its pendency, and even after he was sentenced.

3 **"The defendant shall submit a truthful and complete written report within the first five days of each month."**

The offender's monthly reports from March 2010 through September 2010 were untruthful in that he answered "no" to the question of whether he was arrested or named as a defendant in any criminal case.

4 **"The defendant shall refrain from any unlawful use of a controlled substance."**

**"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

The offender submitted five urine samples which tested positive for marijuana on the following dates: August 14, 2009; August 25, 2009; August 31, 2010; September 9, 2010; and September 20, 2010. The offender admitted smoking marijuana to produce these positive screens.

On August 14, 2009, the offender used a tampering device to submit a false urine sample at Volunteers of America. The device, which resembled a penis and was filled with "clean" urine, was confiscated by a Volunteers of America staff member. The offender later admitted the urine in the device was that of his nine-year-old son. The offender submitted a dilute urine sample on August 19, 2010, and was accused by the urine collector at Volunteers of America of tampering with the sample, as he observed a bottle in the offender's hand while he was providing his sample; however, no object or device was confiscated.

5 **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."**

> The offender failed to report for six random urine drug screens on the following dates: August 28, 2009; October 3, 2009; February 27, 2010; May 26, 2010; June 28, 2010; and August 18, 2010.

6 **"The defendant shall complete 150 hours of community work service, at a rate of no less than 15 hours per month, as directed by the probation officer."**

> A modification to add 150 hours of community work service was ordered by the Court on September 24, 2009, to address various issues of noncompliance by the offender, including use of illegal drugs and tampering with urine screens. The offender has not completed the hours ordered by the Court, and concurrently has a balance of 65 hours. The offender failed to follow the directives of the probation officer on numerous occasions regarding the completion of this condition. During his numerous periods of unemployment, the offender was directed to perform 16 hours of community work service per week, which he failed to complete.

7 **"The defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling, training, or other acceptable reasons."**

> During the past 19 months of supervision, the offender has been unemployed for approximately eleven months. The offender has failed to show a good faith effort to secure and maintain employment and is currently unemployed.

8 **"The offender shall pay any fine that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release."**

> The offender has a fine balance of $274.70. He has failed to make any fine payments since beginning his term of supervised release.

The Court placed Mr. Jackson under oath and directly inquired of Mr. Jackson whether he admitted the violations of specifications of his supervised release set forth above. Mr. Jackson stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

    1) Mr. Jackson has a relevant criminal history category of II. *See, U.S.S.G. §7B1.4(a).*

    2) The most serious grade of violation committed by Mr. Jackson constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

    3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Jackson is 4-10 months.

    4) The parties did not agree as to the appropriate disposition of the case.

11. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the evidence and/or arguments of Mr. Jackson, his counsel and the government, now finds that Mr. Jackson violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release.

Mr. Jackson's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 10 months. The service of the sentence shall begin immediately. At the conclusion of Mr. Jackson's term of confinement, he shall not be subject to supervised release.

The Magistrate Judge requests that Ms. Chris Dougherty, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Jackson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), Local Rules of the U.S. District Court for the Southern District of Indiana.

Counsel for the parties and Mr. Jackson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE**, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Jackson's supervised release and the sentence imposed of imprisonment of 10 months in the custody of the Attorney General or his designee. There shall be no term of supervised release at the conclusion of Mr. Jackson's term of incarceration. Service of Mr. Jackson's term of imprisonment is to begin immediately.

IT IS SO RECOMMENDED this 28th day of October, 2010.

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Barry Glickman,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal